*330 O’Donnell, J.,
dissenting.
{¶ 24} Respectfully, I dissent.
{¶ 25} A complaint charging a person with a crime can only be filed by a party authorized by law to invoke the jurisdiction of the appropriate judicial tribunal charged with hearing criminal complaints. Accordingly, a party not authorized by law to file a criminal complaint cannot invoke the jurisdiction of a judicial tribunal to hear a criminal matter. Because a private citizen is not authorized to file a criminal complaint, and because the majority has nonetheless concluded that such a filing invokes the jurisdiction of the municipal court to entertain the charged offense, I respectfully dissent.
{¶ 26} On April 16, 2009, Katrina McCall prepared and filed a handwritten affidavit and signed a document notarized by the deputy clerk titled a “complaint” with the clerk of the Hamilton County Municipal Court, alleging that Mor Mbodji, her husband, had caused physical harm to her. The clerk, without having forwarded the documents to a reviewing official for filing by a prosecutor, issued a warrant to the police chief of Forest Park to have Mbodji brought before the Hamilton County Municipal Court to answer the complaint. The matter proceeded to a bench trial, and the court convicted Mbodji and sentenced him to eight months of community control.
{¶ 27} The principal issue in this case is whether the municipal court ever obtained jurisdiction to convict Mbodji in this situation where the complaint and affidavit were submitted by a private citizen without review by a reviewing official and not filed by a prosecuting attorney.
{¶ 28} R.C. 1901.20(A)(1) provides that a municipal court is authorized to consider misdemeanor offenses committed within the territory of the court. The filing of a complaint initiated by a private citizen is governed by a specific statute, R.C. 2935.09(D), which provides a specific procedure crafted by the legislature: “A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a com/plaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate.” (Emphases added.) Thus, there is no legislative authority for a private citizen to file a complaint seeking to cause an arrest or initiate a criminal prosecution.
{¶ 29} In R.C. 2935.09, the General Assembly has established a procedure for a private citizen to file an affidavit alleging a criminal offense, and furthermore requires that it be filed with a reviewing official for purposes of review to determine if a complaint should be filed by a prosecuting attorney or an attorney authorized to prosecute cases. R.C. 2935.09 does not, however, permit a private citizen to file a criminal complaint with the clerk of a court, thereby triggering *331 the issuance of a warrant. The procedure followed in this case is completely at odds with that authorized by law. The majority acknowledges this fact, but nonetheless concludes that a municipal court has jurisdiction over a criminal prosecution initiated by a private citizen because a document titled “complaint,” which contained the information required by Crim.R. 3, had been filed with the clerk of courts. But Crim.R. 3 envisions that a complaint be filed by a prosecuting attorney, not a private citizen.
{¶ 30} I would acknowledge that a complaint meeting the requirements of Crim.R. 3 invokes the jurisdiction of the court, provided that document has been filed by a party charged by law with filing such a document. See Franklin v. Hall (Apr. 21, 1986), Warren App. No. CA85-06-035, 1986 WL 4912, *1 (“It is rudimentary that the jurisdiction of a court in a criminal case is invoked by the filing of a complaint meeting the requirements of Crim.R. 3” (emphasis added)).
{¶ 31} Here, however, by accepting the proposition that a municipal court has jurisdiction to consider a criminal complaint initiated by a private citizen, the majority opens the door to a myriad of unintended consequences, such as the filing of criminal charges by an inmate against a victim of a crime which resulted in the inmate’s incarceration; it invites quarrelling neighbors to escalate differences into the criminal realm; and other endless possibilities. I would submit that these kinds of situations prompted the legislature to act to specify a manner for the lawful filing of criminal complaints by private citizens. According to the majority’s rationale, any inmate could file a criminal case and cause an arrest warrant to be served on a victim, which that victim must defend against, and it is only after the victim has been arrested and required to appear in court that a challenge to the sufficiency of the filing of the complaint could be presented. This is the type of legal exercise that the General Assembly sought to prevent by requiring a private citizen to file an affidavit with a reviewing official who would first assess the matter and determine whether a prosecuting attorney should file a complaint. These basics of procedural due process somehow get lost in the majority’s rush to resolve this case.
{¶ 32} Here, Katrina McCall, Mbodji’s wife, lacked statutory authority to file a criminal complaint against him and cause his arrest. The statute limited her to submitting an affidavit to a reviewing official. Although she filed an affidavit, no reviewing official ever reviewed it, and no prosecutor or other attorney authorized to prosecute criminal cases filed the criminal complaint. Under these circumstances, I would assert that the procedure followed by the Hamilton County clerk of courts is contrary to law, creates great potential for abuse, and, importantly, failed to properly invoke the court’s jurisdiction to act and thereby denied Mbodji procedural due process. For these reasons, I respectfully dissent.
Pfeifer, J., concurs in the foregoing opinion.
*332 Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, for appellee.
Law Office of the Hamilton County Public Defender, Robert R. Hastings Jr., and Susannah Meyer, for appellant.
Timothy Young, Ohio Public Defender, and Terrence K. Scott, Assistant Public Defender, urging reversal for amicus curiae, Ohio Public Defender.